E-FILED
Monday, 19 February, 2018  11:46:35 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| JUDY A. CAMPBELL, and ROBERT BRUCE CAMPBELL, | CIVIL COMPLAINT |
| Plaintiffs, | |
| v. | CASE NO.  3:18-cv-03033 |
| DIVERSIFIED CONSULTANTS, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

NOW comes JUDY A. CAMPBELL ("Judy") and ROBERT BRUCE CAMPBELL ("Robert") (collectively "Plaintiffs"), by and through their attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DIVERSIFIED CONSULTANTS, INC. ("Defendant") as follows:

**NATURE OF THE ACTION**

1.   Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of Illinois.

1

4.   Joinder of Plaintiffs' claims is proper pursuant to Fed. R. Civ. Pro. 20(a)(1), as their claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law and fact will arise.

## PARTIES

5.   Judy and Robert are 64 and 65 year old natural persons, respectively, who reside at 117 East Lincoln Street, Greenview, Illinois, which lies within the Central District of Illinois.

6.   Plaintiffs are "person[s]" as defined by 47 U.S.C. §153(39).

7.   Defendant "is a full service collection agency" that provides third-party accounts receivables management to its clients.[1] Defendant is a corporation organized under the laws of the state of Florida with its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida.

8.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

9.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

10.  The instant action arises out of Defendant's attempts to collect upon an alleged DirecTV debt ("subject debt") said to be owed by Plaintiffs.

11. In September 2017, Plaintiffs began receiving calls to their cellular phone, (217) XXX-8461, from Defendant.

---

[1] https://www.dcicollect.com/diversified-consultants-solutions-page/

12. At all times relevant to the instant action, Robert was the account owner of the cellular phone ending in 8461, but both Plaintiffs have been financially responsible for the cellular phone and its services, and both Plaintiffs use the cellular phone.

13. Defendant used the phone number (314) 669-8804 when placing calls to Plaintiffs' cellular phone.

14. Upon information and belief, the above referenced phone number ending in 8804 is regularly utilized by Defendant during its debt collection activity.

15. When Plaintiffs answer calls from Defendant, they experience a noticeable pause, lasting a handful of seconds in length, before a live representative begins to speak.

16. Upon speaking with Defendant, Plaintiffs were informed that Defendant was seeking to collect upon the subject debt.

17. Plaintiffs first informed Defendant that they did not owe anything to DirecTV as their bill had been paid.

18. On a subsequent phone call, Plaintiffs reiterated the above information.

19. On this same call, Defendant informed Plaintiffs that the subject debt was in relation to an early termination fee with DirecTV.

20. Plaintiffs then asked to be provided with a copy of the bill, which Defendant advised had already been mailed out to an address which was not Plaintiffs'.

21. Defendant suggested that the bill was sent to, and the calls were regarding, an account associated with Plaintiffs' late daughter.

22. Plaintiffs' late daughter had a DirecTV account, however Plaintiffs' were not responsible for the account and were not a part of their late daughter's contract with DirecTV.

3

23. Defendant further told Plaintiffs that it was calling to collect on account number 77416964; however, Plaintiffs do not have an account with Defendant numbered 77416964.

24. Defendant attempted to explain this inconsistency by stating that there are different account numbers used for different circumstances.

25. In order to clear up the confusion regarding the debt, Plaintiffs advised Defendant that they were going to call DirecTV directly to get more information.

26. In response, Defendant stated that if Plaintiffs spoke to DirecTV regarding the subject debt, Plaintiffs would no longer get a "discount" on the amount said to be owed on the subject debt.

27. Undeterred by Defendant's threat, Plaintiffs later called DirecTV and were informed their account was not past due.

28. Frustrated over Defendant's conduct, Plaintiffs spoke with Sulaiman regarding their rights, resulting in expenses.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(PLAINTIFFS AGAINST DEFENDANT)

29. Plaintiffs repeat and reallege paragraphs 1 through 28 as though full set forth herein.

30. Plaintiffs are "consumer[s]" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

31. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

32. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals since 1994.[2]

---

[2] http://www.acainternational.org/search#memberdirectory

33. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692b & c(b)

34. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Additionally, under §1692b(3), a debt collector "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

35. Defendant violated §1692b, b(3), and c(b) by contacting Plaintiffs on a number of occasions seeking to collect upon a debt owed by their late daughter. Plaintiffs were not responsible for the subject debt and were not associated with their late daughter's DirecTV bill. As such, by calling Plaintiffs, Defendant impermissibly contacted third parties other than the underlying debtor, without consent, in violation of the FDCPA.

### b. Violations of FDCPA §1692c(a)(1) and §1692d

36. The FDCPA, pursuant to 15 U.S.C. § 1692c(a)(1), prohibits a debt collector from calling "at any unusual time or place or time or place known or which should be known to be inconvenient to the consumer." 15 U.S.C. §1692d further prohibits a debt collector from engaging "in any

5

conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

37. Defendant violated §1692c(a)(1) and d when it continued to call Plaintiffs after being notified that they did not owe the underlying debt. When Defendant first spoke with Plaintiffs, it was informed that Plaintiffs were current on their DirecTV bill and did not owe any debt. Notwithstanding the provision of this information, Defendant continued to call Plaintiffs seeking collection on the subject debt. In so doing, Defendant was harassing Plaintiffs in hope that, even though they did not owe the underlying debt, continued collection efforts would ultimately compel them to make payment. The continued collection efforts demonstrate that Defendant willfully ignored Plaintiffs' statements with the goal of annoying and harassing them. Further, armed with the knowledge that the debt was not theirs, Defendant knew or should have known that continued calls to Plaintiffs were inconvenient.

### c.  Violations of FDCPA § 1692e

38. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt."
> 15 U.S.C. § 1692e(2).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

40. Defendant violated § 1692e, e(2), and e(10) when it represented to Plaintiffs that they were responsible for the subject debt. It was deceptive for Defendant to represent that Plaintiffs owed the subject debt even though they were in no way responsible for the debt and were not a party to

6

the contract creating the purported obligation. Plaintiffs repeatedly informed Defendant that they were current on their DirecTV payments and were not in debt. This fact was confirmed by DirecTV itself. Nevertheless, Defendant continued calling to collect on Plaintiffs, further representing their purported obligation to pay. Defendant made these deceptive representations with the hope that Plaintiffs would be misled into making payment on a debt they did not owe.

41. Defendant further violated § 1692e and e(10) when it told Plaintiffs that they would lose their ability to have a "discount" on the subject debt in the event they called DirecTV for more information. It was false for Defendant to make this suggestion when Plaintiffs were in no way responsible for the underlying debt. There could be no "discount" offered on a debt for which Plaintiffs had no obligation. Furthermore, this statement was misleading in that it falsely suggested that Plaintiffs were not able to speak with the purported original creditor in an attempt to gather further information regarding the subject debt. Nothing prohibits a purported debtor from contacting the purported original creditor to inquire about a purported debt. However, Defendant's representation suggests such conduct was prohibited because such conduct could result in the loss of some sort of illusory "discount."

42. Additionally, Defendant violated § 1692e and e(10) when, after being told that Plaintiffs did not have an account with Defendant numbered 77416964, Defendant told Plaintiffs that it uses different account numbers in different circumstances. As demonstrated throughout this Complaint, Defendant was calling Plaintiffs regarding a debt said to be owed by their late daughter. As such, the 77416964 account number was likely a reference to their daughter's account with Defendant. Therefore, it was false, deceptive, and misleading for Defendant to tell Plaintiffs that the incorrect account number was a reflection of the fact that Defendant uses different account numbers in different circumstances.

7

### d. Violations of FDCPA § 1692f

43. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

44. Defendant violated §1692f when it unfairly and unconscionably attempted to collect money from Plaintiffs on a debt which they did not owe. Plaintiffs repeatedly informed Defendant that they did not owe the subject debt as their DirecTV bill was current. However, Defendant continued collection efforts upon Plaintiffs knowing they did not owe the debt. It is unfair and unconscionable to attempt to collect on individuals knowing such individuals have no obligation on the underlying debt.

45. Defendant further violated § 1692f when it told Plaintiffs that, if they spoke to DirecTV, they would lose the "discount" offered on the subject debt. This statement was an unfair and unconscionable attempt to pressure Plaintiffs into making payment on a debt by suggesting Plaintiffs would lost some illusory "discount" if they wanted further information. Rather than allowing Plaintiffs the ability to gather more information about the extent of any obligation they may have, Defendant unfairly sought to pressure Plaintiffs into remaining uninformed and into making payment. In so doing, Defendant unfairly and unconscionably sought to impede Plaintiffs' ability to assess the situation in furtherance of its own bottom line.

WHEREFORE, Plaintiffs, JUDY A. CAMPBELL and ROBERT BRUCE CAMPBELL, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiffs statutory damages of $1,000.00 each as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.   Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.   Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: February 19, 2018                                Respectfully submitted,

                                                        s/ Nathan C. Volheim
                                                        Nathan C. Volheim, Esq. #6302103
                                                        Counsel for Plaintiff
                                                        Admitted in the Central District of Illinois
                                                        Sulaiman Law Group, Ltd.
                                                        2500 South Highland Ave., Suite 200
                                                        Lombard, Illinois 60148
                                                        (630) 568-3056 (phone)
                                                        (630) 575-8188 (fax)
                                                        nvolheim@sulaimanlaw.com